PHILLIP A. TALBERT
Assistant United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-MC-00117-KJM-KJN |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $8,140.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.      On February 2, 2016, agents with the United States Postal Inspection Service ("USPIS") seized approximately $8,140.00 in U.S. Currency ("the defendant currency") from Ilyas Ashirov ("Ashirov") during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

2.      USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about March 21, 2016, USPIS received a claim from Ashirov asserting an ownership interest in the defendant currency.

3.      The United States represents that it could show at a forfeiture trial that on February 2, 2016, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California.  During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband. The

1

package was addressed to Ilyas Ashiren (PMB #317), 3104 O Street, Sacramento, California, 95816, with the following return address: Michael Ashiren, 31 Rome Ave, Staten Island, New York, 10304. The parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

4.     The United States represents that it could further show at a forfeiture trial that law enforcement officials contacted Ashirov, who confirmed he was expecting a package from his brother Michael and that it contained nothing illegal and that it only contained a book.  Ashirov gave consent to open the parcel.  Upon opening the parcel, law enforcement agents discovered a parcel box containing multiple pages of a book removed from its cover.  Inside the book pages were three separate vacuum sealed bundles of cash; the defendant currency.

5.     The United States represents that it could further show at a forfeiture trial that Ashirov told law enforcement officials that he was in fact expecting money from his brother to help in purchase a car in California and Ashirov was expecting about $2,000.00.  Law enforcement officials explained to Ashirov that there was actually $8,140.00 in the parcel and the cash was in a manner consistent with drug proceeds.  Ashirov denied involvement of any illegal activities and disclaimed the defendant currency.

6.     The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7.     Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Ilyas Ashirov hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

8.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

Consent Judgment of Forfeiture

9.     This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10.     The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.     The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2.     Upon entry of this Consent Judgment of Forfeiture, $4,140.00 of the Approximately $8,140.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3.     Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $4,000.00 of the Approximately $8,140.00 in U.S. Currency shall be returned to claimant Ilyas Ashirov through his attorney James Kirshner.

4.     The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimant waived the provisions of California Civil Code § 1542.

5.     No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6.     All parties will bear their own costs and attorney's fees.

///

///

///

Consent Judgment of Forfeiture

7.      Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

DATED:  August 23, 2016

_____
UNITED STATES DISTRICT JUDGE

Consent Judgment of Forfeiture